(No. 1467—)

WILLIAM HIRTMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1932.*
*Rehearing denied January 10, 1933.*

NOAH GULLETT AND HAROLD TRAPP, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Roe delivered the opinion of the court:

The claimant, William Hirtman, was employed as a special policeman or watchman at the Illinois State Fair Grounds in Springfield. He alleges that he was injured while in the performance of his duties on the night of July 20, 1927.

In making his rounds on what was called the West Beat about nine o'clock at night he noticed a fire near the grandstand and a large wooden toilet which was about three blocks away from where the claimant was at the time. He started to run toward the fire and as he did so he ran into a stay iron which was part of the equipment used by a wrecking company then employed in wrecking the old grandstand. His left leg struck the stay iron on the front or interior side of the leg between the knee and ankle. The wounded portion was out about four inches in length and about a quarter of an inch wide and bled after the injury.

At the time of the accident the claimant was 63 years of age.

From the evidence submitted there is no doubt that the claimant was injured in the manner claimed. However, there is grave doubt as to the results of the injury. There does not seem to be any temporary total disability nor any permanent partial disability resulting from this injury.

It is clear that the accident does not come within the provisions of the Workmen's Compensation Act because the claimant was not engaged in one of the extra-hazardous occupations enumerated in Section 3 of this Act. As the injury does not come within the provisions of the Workmen's Compensation Act and there is no other statute making the State liable for injuries received by employees; there is not any legal liability on the part of the State to pay the claimant compensation for his injuries.

The claim is therefore denied and the cause dismissed.